**UNITED STATES of America**

v.

**Blaine GERRISH and Lisa Gerrish, Defendants**

**No. CRIM.02–93–P–H.**

United States District Court, D. Maine.

Dec. 2, 2002.

Jonathan R. Chapman, Assistant United States Attorney, Portland, ME, for Plaintiff.

John S. Webb, Nichols & Webb, P.A., Saco, ME, Christian C. Foster, Daniel G. Lilley Law Offices, P.A., Portland, ME, for Defendants.

**ORDER ON DEFENDANT LISA GERRISH'S MOTION TO SEVER AND DEFENDANTS' JOINT MOTION TO SUPPRESS EVIDENCE**

HORNBY, District Judge.

Lisa Gerrish's motion to sever is DENIED. She and Blaine Gerrish were properly joined as defendants under Fed. R.Crim.P. 8(b) because the Indictment charges them with being members of the

same conspiracy. She requests severance under Rule 14, but the only asserted prejudice is "prejudicial spillover of evidence offered against her co-defendant. There is a particular heightened risk in this matter because the defendants are married." She goes on to assert that the government's evidence is "overwhelmingly directed" at her husband. She does not assert that the evidence is admissible only against her husband. Her showing therefore is insufficient. *United States v. Houle*, 237 F.3d 71, 75–6 (1st Cir.2001).

■ Lisa and Blaine Gerrish's joint motion to suppress evidence is DENIED. No evidentiary hearing is necessary, because the state judge issued a warrant based upon a written affidavit. The only issue is whether the affidavit, detailing drug activity by these two defendants at one address and requesting a warrant to search the Gerrishes' residence, a different address, provided probable cause. The affidavit provided evidence of extensive weekend drug trafficking by the Gerrishes in a trailer they owned and previously lived in. At the time of the warrant application, the affidavit provided information that the trailer was currently inhabited by Blaine Gerrish's brother-in-law. It was eminently reasonable to believe that the proceeds, as well as some of the relevant records of the Gerrishes' weekend drug trafficking, would be kept at the Gerrishes' principal residence. *United States v. Feliz*, 182 F.3d 82, 87–88 (1st Cir.1999). In any event, the good faith exception would certainly apply to this judge-issued warrant. *United States v. Leon*, 468 U.S. 897, 922–23, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). None of the *Leon* exceptions applies.

So ORDERED.